**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION**

| | |
|---|---|
| **ENDURANCE CORPORATE CAPITAL LIMITED** § § | |
|     **Plaintiff** § | |
| § | |
| V. § | **CASE NO. 2:21-cv-2186** |
| § | |
| **WPP, LLC; GT Kansas, LLC; and OVERLAND PARK PROPERTY COMPANY, LLC** § § § | |
|     **Defendants** § | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

This is an action for Declaratory Judgment, brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28. U.S.C. § 2201 to declare the rights and other legal relations surrounding questions of an actual and immediate controversy that presently exists between Plaintiff, Endurance Corporate Capital Limited ("Plaintiff" or "Insurer"), and Defendants WPP, LLC; GT Kansas, LLC; and Overland Park Property Company, LLC ("Defendants" or "Insureds").

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for declaratory judgment under a commercial property insurance policy issued by Plaintiff to Defendants, No. RW002461 (the "Policy"). Plaintiff seeks a declaration that it has no obligation under the Policy for the Insureds' claimed August 1, 2019 and/or August 15, 2019 hail losses as a result of the Insureds' failure to comply with a time-limited forfeiture provision in the Policy. A copy of the Policy is attached as Exhibit "A."

**PARTIES**

2. Plaintiff, Endurance Corporate Capital Limited, is the sole capital provider to Syndicate 5151, which is one of many syndicates that transact business in the marketplace

known as Lloyd's of London. Endurance Corporate Capital Limited was the Leading Underwriter on Contract No. PG1902748, which subscribed to 19.5% of the Policy on the alleged date(s) of loss. Endurance Corporate Capital Limited is a corporation organized and existing under the laws of the United Kingdom, with its registered office and principal place of business in London, England. Endurance Corporate Capital Limited is therefore deemed to be a citizen or subject of a foreign state pursuant to 28 U.S.C. §1332. Endurance Corporate Capital Limited is entitled to maintain this action without joining the other subscribers to the Policy and without regard to their citizenship. See Corfield v. Dallas Glen Hills, LP, 355 F.3d 853, 864 (5th Cir. 2003); Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1091-92 (11th Cir. 2010) (*dicta* agreeing with and endorsing holdings in Corfield and similar cases).

3.  Defendant WPP, LLC is a limited liability company formed under the laws of Kansas with its principal place of business in Overland Park, Kansas within Johnson County. WPP, LLC can be served with process through its registered agent, Chris M. Curtin, 12321 Metcalf Avenue, Overland Park, KS 66213.

4.  Defendant GT Kansas, LLC is a limited liability company formed under the laws of Kansas with its principal place of business in Overland Park, Kansas. GT Kansas, LLC can be served with process through its registered agent, Chris M. Curtin, 12321 Metcalf Avenue, Overland Park, KS 66213.

5.  Defendant Overland Park Property Company, LLC is a limited liability company formed under the laws of Kansas with its principal place of business in Overland Park, Kansas. Overland Park Property Company, LLC can be served with process through its registered agent, Chris M. Curtin, 12321 Metcalf Avenue, Overland Park, KS 66213.

## JURISDICTION AND VENUE

6. The Court has jurisdiction of this action under 28 U.S.C. § 1332(a)(2), because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and because the action is between a citizen(s) of a state and a citizen(s) or subject(s) of a foreign state. Plaintiff is a subject of a foreign state and Defendants are citizens of Kansas. The Policy affords, among other things, Building coverage to the Insureds for the properties located at 1401 Monticello Drive, Manhattan, KS 66502 and 2100 Westchester Drive, Manhattan, KS 66503, subject to the terms, conditions, exclusions, and limitations of the Policy. Defendants' counsel issued a letter dated March 16, 2021 demanding payment under the Policy for alleged building damages totaling $724,410.00 to the property located at 1401 Monticello Drive, Manhattan, KS 66502. After application of a $206,689.00 (1%) deductible, and by virtue of Plaintiff's 19.5% participation in the Policy, the amount in controversy appears to be no less than $100,955.60, which exceeds the $75,000.00 threshold for federal diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

7. Venue in this action is proper because Defendants' principal places of business are in this District. *See* 28 U.S.C. §1391(b)(1). Separately and sufficiently, venue in this action is proper because the property that is the subject of the action is situated in this District. *See* 28 U.S.C. §1391(b)(2).

8. This Court has personal jurisdiction over Defendants.

## FACTS

9. Defendants submitted to Plaintiff a loss notice on August 24, 2020 for hail damages allegedly occurring on August 1, 2019 (i.e. 389 days prior to the first notice of loss) to the two apartment complex properties owned by Defendants located at 1401 Monticello Drive,

Manhattan, KS 66502 and 2100 Westchester Drive, Manhattan, KS 66503 (the "Insurance Claim").

10. Subsequently, Defendants have alleged a date of loss of August 15, 2019 (i.e. 375 days prior to the first notice of loss) in connection with the Insurance Claim.

11. The Policy contains an endorsement applicable to wind and hail claims with a time-limited forfeiture clause clearly and unmistakably providing that, "[w]ith respect to any claim wherein notice of the claim is reported by the Insured to the Company more than one year after the reported date of loss, this policy shall provide no coverage for such claims." *See* Exhibit A. Specifically, the Policy provides, in pertinent part, as follows:

### APPENDIX 'B'

WIND AND HAIL SPECIAL CONDITIONS

\*\*\*

LATE NOTICE

In addition to the Insured's obligation to provide the Company with prompt notice of loss, with respect to any claim wherein notice of the claim is reported by the Insured to the Company more than 180 days, but less than one year, after the reported date of loss, the Company's limit of liability and payment for covered losses shall not exceed the smallest of the following:

a. the actual cash value at the time of loss determined with proper deduction for depreciation;

b. the actual cost to repair or replace the damaged property with material of like kind and quality, with proper deduction for depreciation; or

c. the specified limit of liability in the Policy for Building.

d. ***With respect to any claim wherein notice of the claim is reported by the Insured to the Company more than one year after the reported date of loss, this policy shall provide no coverage for such claims.***

*See* Exhibit A (emphasis added) (hereinafter, the "Forfeiture Clause").

12. Pursuant to the Forfeiture Clause, the Insurance Claim was denied by letter dated January 13, 2021.

13. In response, Defendants issued a letter through their counsel dated March 16, 2021 disputing the denial of the Insurance Claim, asserting that the Forfeiture Clause is not enforceable, and demanding payment under the Policy for alleged building damages totaling $724,410.00 to the property located at 1401 Monticello Drive, Manhattan, KS 66502. Defendants' letter further advised that an additional damage estimate for alleged building damages to property located at 2100 Westchester Drive, Manhattan, KS 66503 would be presented at a later date.

## COUNT ONE

### (Declaratory Judgment Pursuant to K.S. A. § 60-1701, *et seq*.)

14. Insurers repeat and re-allege the allegations contained in Paragraphs 1 through 13 above, as if fully set forth herein.

15. Defendants have submitted the Insurance Claim for coverage under the Policy for Building coverage as a result of alleged hail damage caused on August 1, 2019 and/or August 15, 2019. Defendants provided first notice of the Insurance Claim on or about August 24, 2020, which was more than one year after the reported date of loss of August 1, 2019, and was also more than one year after the August 15, 2019 date of loss subsequently asserted by Defendants.

16. Plaintiff has denied coverage for the claims made by Defendants based on the Forfeiture Clause contained in the Policy, which clearly and unmistakably provides that no coverage is afforded for wind and hail claims reported more than one year after the reported date of loss.

17. An actual controversy has arisen as to whether, subject to all other terms, conditions, exclusions, and limitations of the Policy, the Defendants' failure to comply with the Forfeiture Provision results in a forfeiture of coverage for the Insurance Claim under the Policy.

18.     Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28. U.S.C. § 2201, Plaintiff is entitled to seek a declaration that Defendants' failure to comply with the time-limited forfeiture clause results in a forfeiture of coverage under the Policy for the losses claimed by Defendants in the Insurance Claim.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A.      Enter a declaratory judgment that the Policy does not provide coverage for the losses claimed by Defendants under a plain reading of the Policy's time-limited forfeiture clause; and

B.      Any further relief this Court deems just and appropriate in favor of Plaintiff.

Respectfully submitted,

**MCDOWELL, RICE, SMITH & BUCHANAN**
*a Professional Corporation*

By: */s/ Jason L. Buchanan*
Jason L. Buchanan #20815
Thomas R. Buchanan #10572
605 W. 47th Street, Suite 350
Kansas City, Missouri 64112
T:      816-753-5400
F:      816-753-9996
jb@mcdowellrice.com
tbuchanan@mcdowellrice.com

**ATTORNEYS FOR PLAINTIFF**

- 7 -

**CERTIFICATE OF SERVICE**

   I certify that on April 22, 2021 a true and correct copy of the foregoing was electronically filed with the Court using the CM/ECF system

                  */s/Jason L. Buchanan*
                  Jason Buchanan

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of the United States District Court for the District of Kansas pursuant to its electronic case filing system (ECF). The ECF sent a "Notice of Electronic Filing" to the attorneys of record who have consented to accepting service via this method.

/s/_____