**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ENDURANCE CORPORATE CAPITAL LIMITED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| WPP, LLC., *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

Case No.: 21-2186-JWB-KGG

**SHOW CAUSE ORDER**

Plaintiff brings the present action for declaratory judgment under its commercial property insurance policy issued to Defendants. (Doc. 1.) Plaintiff seeks a declaration that "it has no obligation under the Policy for the Insureds' claimed August 1, 2019 and/or August 15, 2019 hail losses as a result of the Insureds' failure to comply with a time-limited forfeiture provision in the Policy." (*Id*., at 1.)

The Complaint alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 (diversity). (*Id*., at 2.) In this instance, however, the Complaint fails to allege facts sufficient to allow the Court to confirm whether diversity of citizenship exists.

To establish diversity jurisdiction, the organizational structure determines the citizenship of a business entity.  For instance, the citizenship of a corporation is both the state or foreign state of incorporation and the state or foreign state where its principal place of business is located.  28 U.S.C. § 1332(c)(1); ***Newsome v. Gallacher***, 722 F.3d 1257, 1267 (10th Cir. 2013).  Citizenship for unincorporated associations (such as a limited liability company, general partnership, or limited partnership) is determined by the citizenship of each of its members.  ***Siloam Springs Hotel, LLC v. Century Sur. Co.***, 781 F.3d 1233, 1234 (10th Cir. 2015).

It is the independent obligation of the court to determine that subject matter jurisdiction is proper and that the court "do[es] not exceed the scope of [its] jurisdiction … ."  ***Henderson ex rel. Henderson v. Shinseki***, 562 U.S. 428, 434, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011).  As such, this Court "must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Id.* (citation omitted).  If it becomes apparent that jurisdiction does not exist, the court, on its own, "must dismiss the cause at any stage of the proceedings … ." ***Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.***, 929 F.2d 1519, 1521 (10th Cir. 1991); Fed.R.Civ.P. 12(h)(3).

Pursuant to 28 U.S.C.A. §1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between:

2

>  (1) citizens of different States;
>
>  (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
>  (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
>  (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Simply stated, diversity is absent when citizens of a foreign state are on both sides of the case.  **_Grupo Dataflux v. Atlas Global Group, L.P._**, 541 U.S. 567, 569, 124 S.Ct. 1920, 1923, 158 L.Ed.2d 866 (2004) (reaching this conclusion in a case with a foreign corporation on one side and, on the other, a limited partnership with US and foreign partners at the time the case was filed) (citing **_Mossman v. Higginson_**, 4 U.S. 12, 14, 1 L.Ed. 720 (1800)).  _See also_ **_Air Century SA v. Atlantique Air Assistance_**, 447 Fed. Appx. 879 (10th Cir. 2011) (holding that §1332(a)(2) did not provide jurisdiction and complete diversity was lacking because plaintiff and one of the two defendants were foreign corporations, thus foreign citizens).

  As stated above, the Complaint alleges that Plaintiff is corporation organized and existing under the laws of the United Kingdom.  Defendants are comprised of various Kansas LLCs with principal places of business in Kansas.  The Court is unable, however, to determine the citizenship of each member of each of the

Defendant LLCs. Thus, the Court cannot determine the validity of the claimed diversity.

**IT IS THEREFORE ORDERED** that by May 20, 2021, Plaintiff shall file a status report, with affidavits attached, properly alleging and demonstrating the citizenship of the members of the Defendant LLCs and showing cause why the undersigned Magistrate Judge should not recommend that the case be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 5th day of May, 2021, at Wichita, Kansas.

/S Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE